UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                             Case No.: 8:18-cr-137-T-23CPT

NESTOR DANIEL MONTOYA-MALDONADO,
    Defendant.
_____  /

## MR. MONTOYA-MALDONADO'S SENTENCING MEMORANDUM

COMES NOW, the Defendant, NESTOR DANIEL MONTOYA-MALDONADO, by and through the undersigned counsel and pursuant to 18 U.S.C. § 3553(a), and submits this Sentencing Memorandum in support of his request for a reasonable and just sentence which will reasonably accomplish all of the purposes of sentencing as enumerated in 18 U.S.C. § 3553(a)(2), and as grounds in support states as follows:

### INTRODUCTION

Mr. Montoya-Maldonado comes before the Court for sentencing on October 15, 2018 after having pled guilty to the charges of Distribution of 50 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The Presentence Investigation Report ("PSI") calculates a total offense level of 27, which includes a 3 level reduction for acceptance of responsibility. Doc.33, ¶¶ 21-23. Defendant has a criminal history score of 1 and is in criminal history category I. Doc. 33, ¶¶ 28 and 64. His guideline sentencing range ("GSR") is therefore 70 months to 87 months (i.e. 5 years and 10 months to 7 years and 3 months). Doc. 33, ¶64. The PSI further states that the Limitation on Applicability of Statutory Minimum Sentences in Certain Cases ("Safety Valve") under §5C1.2(a) applies and that "...the Court shall impose a

1

sentence in accordance with the applicale guidelines without regard to any statutory minimum sentence." Doc 33 ¶64.

## FACTUAL BACKGROUND

Mr. Montoya-Maldonado was born in Matamoros, Mexico on December 31, 1992, and his parents brought him to the United States when he was approximately four (4) years old. Mr. Montoya-Maldonado has no legal status in the United States and expects to be deported to his native Mexico at the conclusion of his incarceration for the instant offense. Mr. Montoya-Maldonado is the father of four (4) young children, all of whom he supported prior to his arrest and detention in this case. For the past three (3) years Mr. Montoya-Maldonado has maintained a family relationship with the mother of two (2) of his children, Lucia Rodriguez. They have a two (2) year old son and a new-born daughter.

Mr. Montoya-Maldonado has abused substances since the age of seventeen (17). He dropped out of school before completing the eleventh grade, and lacks any vocational training or skills. Mr. Montoya-Maldonado was in the process of attending a drug rehabilitation program when he was arrested and detained in the instant matter which lead to his unsuccessful discharge from the program. Mr. Montoya-Maldonado acknowledges that he has a drug addiction and is amenable to further treatment. It is apparent that his own struggles with drug addiction created the circumstances that introduced him to narcotics traffickers.

His substance abuse issues ultimately provided the gateway to the commission of this offense. His purchase of methamphetamine for personal use presented the unfortunate temptation to buy and sell narcotics.

After being arrested, Mr. Montoya-Maldonado made a statement to law enforcement wherein he provided all information and evidence concerning the offense. He was willing to substantially assist law enforcement, however, due to his status as an illegal immigrant, that was not possible because he was not eligible for any type of release.

## ARGUMENT

### I. The facts and circumstances support application of the "Safety Value" under §5C1.2(a)(1)-(5)

The PSI states that Mr. Montoya-Maldonado was indeed forthcoming and complete in his statements to law enforcement and that the Safety Value provision applies. Therefore, Mr. Montoya-Maldonado respectfully requests that this Court grant and apply the Safety Value provision and waive the mandatory-minimum sentence of five (5) years imprisonment.

### II. Mr. Montoya-Maldonado's assistance to the Government warrants a downward departure

Mr. Montoya-Maldonado's assistance to law enforcement aided the Government in identifying other crimes and individuals involved in crime. This warrants a downward variance even in the absence of a § 5K1.1 Motion. "Indeed, after *Booker*, a judge basing a sentence under the considerations outlined in 18 U.S.C. § 3553 may take a defendant's substantial assistance into account even if a prosecutor withdraws (or does not file) a § 5K1.1 motion." *United States v. Barner*, 572 F.3d 1239, 1250 (11th Cir. 2009).

### III. The facts and circumstances support a downward variance based on the §3553 factors

Mr. Montoya-Maldonado's personal history and characteristics, his limited criminal

3

history, and the fact that he will be deported at the conclusion of his sentence, all support a downward variance.

**Legal Standard**

In *Gall v. United States*, 552 U.S. 38, 50 (2007), the Supreme Court stated that a district court "may not presume that the Guideline range is reasonable," but rather it "must make an individualized assessment based on the facts presented." Furthermore, the Court rejected the notion that "extraordinary circumstances" are required to justify a sentence outside the Guidelines range. *Id*. at 47. Consistent with this, the *Gall* Court rejected the use of a rigid mathematical formula to determine whether a variance from the GSR is justified. *Id*.

Accordingly, after calculating the GSR, the district court must consider each of the §3553(a) factors and "tailor the sentence in light of other statutory concerns" and the circumstances of the case. *United States v. Brehm*, 442 F. 3d 1291, 1299 (11th Cir. 2006), *quoting United States v. Booker*, 543 U.S. 220, 246 (2005). Those statutory factors under § 3553(a) include the:

(1) nature of the offense and history and characteristics of the defendant;

(2) purpose of sentencing;

(3) kinds of sentences available;

(4) Sentencing Guidelines;

(5) policy statements issued by the Sentencing Commission;

(6) need to avoid unwarranted disparities among similar offenders; and

(7) need to provide restitution to any victims of the offense.

**(1)   The history and characteristics of the defendant**

The facts and circumstances of the defendant's history and characteristics support a downward variance. Mr. Montoya-Maldonado has only minor driving arrests and convictions

until the age of twenty-four (24). Unfortunately, his own addiction and lack of education or skills led him to deal in the drug for which he stands convicted. After any incarceration, he will be removed from the only country he has known, ultimately separating him from his family, including his four (4) young children.

**(2) The need for the sentence imposed**

Any sentence imposed must reflect the seriousness of the offense, promote respect for the law, and to provide just punishment. 18 U.S.C. § 3553(a)(2)(A). The sentence must afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. Further, the sentence must provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(B)-(C).

Here, Mr. Montoya-Maldonado was buying and selling drugs, at least in part, to support his own drug addiction. He, otherwise was a devoted father and partner. When Mr. Montoya-Maldonado is deported he will no longer pose a threat of crime to the public. A term of imprisonment that will afford Mr. Montoya-Maldonado needed training and drug treatment is all that is necessary. Such facts support a conclusion that a downward variance will still adequately reflect the seriousness of the offense, promote respect for the law, and deter the defendant in the future.

The *Gall* Court noted that respect for the law diminishes if natural principles of justice, such as the principle that punishment should correlate with culpability, are ignored. *Gall*, 552 U.S. at 53-55. 18 U.S.C. §3553(a)(2)(A) requires consideration of such natural principles of justice because the statute directs district courts to consider the need for a sentence to "promote respect for the law, and to provide just punishment for the offense."

5

## CONCLUSION

In light of the foregoing, Mr. Montoya-Maldonado respectfully requests that this Court grant the above-requested relief, depart downward, and impose a downward variance.

Date: October 11, 2018.

Respectfully Submitted,

*/s/ DeeAnn D. Athan*
DeeAnn D. Athan, Esquire
Florida Bar No. 391166
dathan@escobarlaw.com
ESCOBAR & ASSOCIATES, P.A.
2917 W. Kennedy Blvd., Suite 100
Tampa, FL 33609
Phone: (813) 875-5100

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send a Notice of Electronic Filing to Callan Albritton, Assistant United States Attorney, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602, this 11th day of October, 2018.

*/s/ DeeAnn D. Athan*
DeeAnn D. Athan, Esquire
Florida Bar No. 391166
dathan@escobarlaw.com
ESCOBAR & ASSOCIATES, P.A.
2917 W. Kennedy Blvd., Suite 100
Tampa, FL 33609
Phone: (813) 875-5100
